```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

RONALD WILLIAMS,                  )
                                  )
         Plaintiff,               )
                                  )
         v.                       )
                                  )   C.A. No. 13-10333-DPW
COMMONWEALTH OF MASSACHUSETTS,    )
et al.,                           )
                                  )
         Defendants.              )
```

MEMORANDUM AND ORDER
April 4, 2013

For the reasons set forth below, the plaintiff's motion for leave to proceed *in forma pauperis* is granted, the plaintiff is directed to show cause why this action should not be dismissed, and the plaintiff's motion for appointment of counsel is denied without prejudice.

**I.   Background**

Ronald Williams, who is incarcerated at MCI Cedar Junction, has brought a self-prepared lawsuit in which he challenges the constitutionality of a state criminal proceeding against him.  He also seeks leave to proceed *in forma pauperis* and appointment of pro bono counsel.

I summarize the allegations of the amended complaint (#10). On May 14, 2010 Williams was arrested after police alleged that he had sold drugs to an informant.  The Worcester Police Department searched his home pursuant to a warrant that was illegally issued.  "There are no turret tapes no dashboard cam surveillance nor recorded tapes of defendant nor any informant, no drug field test kit of the allege drugs, nor the require field

Case 1:13-cv-10333-DPW   Document 13   Filed 04/04/13   Page 2 of 9

test certificate nothing that consist of an constitutional drug arrest and search warrant." Amend. Compl. at 1 (as in original). The Worcester Police "conspired to arrest the plaintiff at any cost" even if it had to resort to illegal means." *Id.* at 2, ¶ 1.

The prosecuting attorney refused to disclose *Brady* evidence. Williams's court-appointed counsel Christopher Loconto "acted as state attorney" by refusing to follow his client's requests and thereby sabotaging Williams' defense. *Id.* at 2, ¶ 3[1]

The caption of the amended complaint lists the Commonwealth of Massachusetts, Governor Deval Patrick, Attorney General Martha Coakley, the Worcester Police Department, and Attorney Christopher Loconto as defendants. Williams claims that the defendants are liable under 18 U.S.C. §§ 241 and 242, 42 U.S.C. §§ 1983 and 1985, and state law. Williams seeks damages and release from custody.

## II. Discussion

A. **Motion to Proceed *In Forma Pauperis***

Upon review of the plaintiff's motion for leave to proceed *in forma pauperis*, I conclude that the plaintiff has sufficiently demonstrated that he is without income or assets to pay the

---

[1]The plaintiff attached to the amended complaint various documents, including a copy of a civil complaint that appears to have been filed (or was prepared to be filed) in state court. It contains claims against Attorney Loconto and another individual whom Williams identifies as another appointed by the state court to represent him. Williams alleges that the attorneys violated his rights under federal and state law for filing an insufficiently-prepared motion to suppress. Williams also filed documents bearing the docket number of his state criminal case in which he claims that his attorneys failed to adequately represent him.

filing fee. Accordingly, the motion is allowed. Pursuant to 28 U.S.C. § 1915(b)(1), an initial partial filing fee of $20.24 is assessed. The remainder of the fee, $329.76, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

**B.   Screening of the Complaint**

Because Williams is proceeding *in forma pauperis*, the complaint is subject to a preliminary screening under 28 U.S.C. § 1915(e)(2). Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening. Both § 1915 and § 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims therein are malicious, frivolous, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). Further, a court has an obligation to inquire *sua sponte* into its own jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). In reviewing the sufficiency of the amended complaint, I liberally construe the pleading because the plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

   **1.   *Younger* Abstention**

There are several bases on which the amended complaint is subject to dismissal. As a threshold matter, adjudicating Williams's claims would severely and inappropriately intrude in a pending state criminal proceeding. "Federal courts have long

recognized 'the fundamental policy against federal interference with state criminal proceedings.'" *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)).  Under the *Younger* doctrine of abstention, federal courts "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights," *In re Justices*, 218 F.3d at 17, as long as the federal claims can be "raised and resolved *somewhere* in the state process," *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).  Here, I have no reason to believe that Williams cannot raise the alleged defects with the search warrant and his attorney's representation somewhere in the state court proceedings, including state appellate proceedings.[2]  Therefore, I will not exercise jurisdiction over any claims concerning Williams ongoing state criminal proceedings.  As the entire amended complaint concerns pending state criminal proceedings, *Younger* abstention requires dismissal of the whole case.

    **2.    Eleventh Amendment Immunity**

Even if *Younger* abstention were not a consideration, the amended complaint suffers other deficiencies.

Williams cannot pursue his claims against the Commonwealth of Massachusetts because it enjoys immunity under the Eleventh

---

[2] The plaintiff's filings suggest that he was a pretrial detainee when he commenced this action, but that he has since been convicted.

Amendment of the United States Constitution.[3] This provision is generally is recognized as a bar to suits in federal courts against a state, its departments and its agencies, unless the state has consented to suit or Congress has overridden the state's immunity. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007). Here, I cannot discern any claim for relief for which the Commonwealth of Massachusetts has waived its immunity or Congress has overridden it.[4]

### 3. Attorney General Coakley and Governor Patrick

Williams has failed to state claims against Attorney General Coakley and Governor Patrick because he has failed to allege any misconduct by these parties. Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi*

---

[3] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.

[4] Further, a state is not a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).

*v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." *Id.* (quoting *Educadores*, 367 F.3d at 68).

Other than identifying General Coakley and Governor Patrick in the caption of the amended complaint as defendants, Williams does not make any allegations against them. In the absence of any factual allegations against these parties, the plaintiff has not met the minimum pleading requirements of a claim for relief.[5]

**4.   Claims Against Attorney Loconto Under 42 U.S.C. § 1983**

Williams also fails to state a claim under 42 U.S.C. § 1983 ("§ 1983") against Attorney Loconto. To state § 1983 claim, a plaintiff must allege that an official acted under color of state law to deprive an individual of a federally protected right. *See* 42 U.S.C. § 1983; *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008).

Here, Williams has not alleged facts from which I may reasonably infer that Attorney Loconto acted under color of state law in representing Williams. Although private conduct may be deemed to be "under color of state law" when it is "fairly

---

[5] To the extent that Williams is attempting to bring claims against Attorney General Coakley and Governor Patrick in their official capacities, such claims would be subject to the limitations imposed by the Eleventh Amendment, discussed *supra*. See *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984); *J.R. v. Gloria*, 593 F.3d 73, 82 (1st Cir. 2010).

attributable" to the state, *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982), an attorney "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" does not act under color of state law, even when court-appointed. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Williams's conclusory allegation that Attorney Loconto "acted as state attorney" by refusing to follow his client's directions, Amend. Compl. at 2, ¶ 3, does not transform Attorney Loconto's allegedly insufficient representation into state action.

**5.    18 U.S.C. §§ 241 and 242**

Williams has failed to state a claim for relief under 18 U.S.C. §§ 241 and 241, which prohibit the violation of civil rights. These statutes provide for criminal prosecution by the United States-not by a private citizen. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as a prosecutor can bring a complaint under 18 U.S.C. §§ 241-242.").

**C.    Motion for Appointment of Counsel**

Under 28 U.S.C. § 1915(e)(1), I "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. Cir. 1991). To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See id.*

In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, I must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  *See id.* at 24.

Here, because the amended complaint is subject to dismissal for the reasons set forth above, exceptional circumstances that would justify the appointment of pro bono counsel do not exist. I therefore deny the motion without prejudice.

### III.  Conclusion

Accordingly:

(1)  The motion for leave to proceed *in forma pauperis* (#9) is GRANTED.  Pursuant to 28 U.S.C. § 1915(b)(1), an initial partial filing fee of $20.24 is assessed.  The remainder of the fee, $329.76, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk shall send a copy of this Order to the treasurer of the institution having custody of the plaintiff.

(2)  If Williams would like to pursue this action, he must, within forty-two (42) days of the date of this order, show good cause why this action should not be dismissed for the reasons discussed above.  The show cause response may be in the form of a legal memorandum and/or a second amended complaint.  Failure to respond to this directive will result in dismissal of the action.

(3)  The motion for appointment of counsel (#8) is DENIED WITHOUT PREJUDICE.

SO ORDERED.

                                         /s/ Douglas P. Woodlock
                                         DOUGLAS P. WOODLOCK
                                         UNITED STATES DISTRICT JUDGE